IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ARICK JOHNSON                                                                                          PETITIONER
ADC #185962

VS.                                   NO. 4:25-cv-00380-KGB-ERE

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                RESPONDENT

## ORDER

Arick Johnson, an Arkansas Division of Correction inmate currently housed at the Pulaski County Detention Facility, has filed a *pro se* petition for writ of habeas corpus pursuant to 18 U.S.C. § 2254.[1] Mr. Johnson's petition was not accompanied by the statutory filing fee or a complete application to proceed in forma pauperis.[2]

If Mr. Johnson wishes to pursue federal habeas relief on the ground that he is in state custody in violation of the United States Constitution, he must first pay the filing fee or submit a completed application to proceed *in forma pauperis* ("IFP") along with an up-to-date calculation sheet.

---

[1] Mr. Johnson filed his petition on a form intended for habeas petitions under 28 U.S.C. § 2241, which offers potential habeas relief to pretrial state prisoners. Mr. Johnson, however, is a person in custody pursuant to a state court judgment, who challenges his conviction. **Accordingly, his petition is deemed filed under 28 U.S.C. § 2254.**

[2] Mr. Johnson's petition was accompanied by a calculation of initial payment or filing fee dated September 15, 2023. Rule 3(a) of the Rules Governing § 2254 Cases in United States District Courts requires that a habeas petition "must be accompanied" by the applicable filing fee or "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."

If Mr. Johnson is permitted to proceed IFP or pays the filing fee, the Court will then screen his habeas petition. The Law requires Mr. Johnson to "exhaust[] the remedies available in the courts of the State" before seeking federal relief. 28 U.S.C. § 2254(b)(1)(A). If he fails to do so, his habeas petition may be subject to summary dismissal.

On August 22, 2024, a jury in the Circuit Court of Pulaski County, Arkansas convicted Mr. Johnson of first-degree terroristic threatening.[3] On October 3, 2024, his lawyer filed a notice of appeal on October 3, 2024, and on December 18, 2024, Mr. Johnson filed a *pro se* Rule 37 and motion to reopen. Both motions remain pending.[4] Rather the wait for rulings, , Mr. Johnson filed the pending § 2254 petition seeking federal relief on April 21, 2025, claiming that he "never got a response" and "never got a result" on his pending state-court motions. *Doc. 2 at 2-4*. It is not enough for Mr. Johnson to file a notice of appeal or move for post-conviction relief in state court, wait a few months, and then attempt to present his arguments in federal court.[5] He must fairly present his federal

---

[3] The background facts are taken from Mr. Johnson's petition (*Doc. 2*) and court documents filed in *Arkansas v. Johnson*, Nos. 60CR-21-1050 (Cir. Ct. Pulaski Cnty.), available on the Arkansas Administrative Office of the Courts Public CourtConnect Website, at https://www.arcourts.gov.

[4] *Id.*

[5] Eastern District of Arkansas Court records show that Mr. Johnson has filed multiple cases related to the first-degree terroristic threatening charge for which he was convicted on August 22, 2024. See *Johnson v. Arkansas*, No. 4:24-cv-00702-DPM-JTK, *Doc. 1* (pending August 19, 2024 pleading labeled "petition for writ of hebeas [*sic*] corpus," asserting unlawful detention for first-degree terroristic threatening); *Johnson v. Arkansas*, No. 4-24-cv-00804-BSM, *Docs. 2, 3, 5, 6* (September 20, 2022, pleading titled notice of appeal was construed as § 2254 petition, and dismissed for failure to prosecute); *Johnson v. Johnson*, No. 4-24-cv-01084-LPR, *Doc. 2* (currently pending § 1983 complaint alleging ineffective assistance of counsel and seeking retrial and damages); *Johnson v. Higgins*, No. 4-23-cv-00835-BRW, *Docs. 1, 6, 7* (habeas petition seeking relief from pretrial detention; dismissed for lack of cognizable federal habeas claim).

2

constitutional claims in the appropriate state court, using the proper state court procedures, and give the state court an opportunity to rule on those claims *before* filing a federal habeas claim. With respect to each claim in his federal habeas petition, Mr. Johnson has the burden to show that he has exhausted all available state court remedies or that exceptional circumstances exist that excuse him from doing so. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). On this record, he has not met his burden.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court is directed to send Mr. Johnson an Application to Proceed Without Prepayment of Fees (Form AO-240).

2. If Mr. Johnson wishes to continue with this habeas action, he must, **on or before Tuesday, May 27, 2025** file the completed Application, including the Certificate or Prisoner Accounts[6] **or** pay the $5.00 filing fee, in full.[7] If Mr. Johnson fails to timely and properly comply with this Order, this habeas action may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[8]

---

[6] The Certificate must be signed by an authorized officer at the incarcerating facility.

[7] Mr. Johnson's payment must clearly indicate that it is for payment of the filing fee in this action. *Johnson v. Payne*, No. 4:25-CV-00380-KGB-ERE.

[8] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern of Arkansas, provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

3.	The Clerk of the Court is directed to change Respondent to "Dexter Payne, Director, Arkansas Division of Correction."[9]

4.	Service of the Petition is not appropriate at this time.

Dated 28 April 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

(emphasis added). *See also* Fed. R. Civ. P. 41(b) (a district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

[9] Mr. Johnson names two Respondents: Judge Leon Johnson and Judge John Edwards. *Doc. 1*. Because Mr. Johnson is in the custody of the Arkansas Division of Correction, the correct Respondent is Dexter Payne, Director, Arkansas Division of Correction. *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").