IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARICK MARQUETTE JOHNSON**                                         **PETITIONER**
**ADC #185962**

v.                                **Case No. 4:25-cv-00380-KGB**

**DEXTER PAYNE**                                                           **RESPONDENT**

## ORDER

Before the Court are petitioner Arick Marquette Johnson's motion for reconsideration (Dkt. No. 29), motion to correct record and motion to reopen case (Dkt. No. 30), motion for status update and motion to supplement the record (Dkt. No. 33), motion to supplement the record (Dkt. No. 36), motion for extension (Dkt. No. 37), and motion for status update (Dkt. No. 38). Respondent Dexter Payne filed a response to Johnson's motion to correct record and motion to reopen case (Dkt. No. 34), and Johnson replied (Dkt. No. 35).

The Court previously dismissed Johnson's petition for a writ of habeas corpus without prejudice, adopting in full United States Magistrate Judge Edie R. Ervin's recommended disposition ("Recommendation") (Dkt. No. 27). In the Recommendation, Judge Ervin explained that Johnson's court records show that his direct appeal, Rule 37 petition, and state habeas petition remained pending, that his conviction did not appear to be final, and that Johnson had not exhausted his state court remedies (Dkt. No. 26, at 3).

      **I.**        **Motion for Reconsideration**

           **A.**        **Legal Standard**

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem.*

*Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and th[e] [appeals] court will not reverse absent a clear abuse of discretion." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Metro St. Louis*, 440 F.3d at 933 (internal quotation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotation omitted); *see also Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018).

Under Rule 60(b), the Court may relieve a party from an order on the narrow grounds of:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)

(quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) ("Rule 60(b) authorizes relief in only the most exceptional of cases."); *United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights, Canyo Lake, Comal Cnty., Tex.*, 51 F.3d 117, 120 (8th Cir. 1995) (concluding that a motion to reconsider filed under Rule 60(b) requires the moving party to establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides).

As it pertains to Rule 60(b)(6), the Eighth Circuit has provided the following guidance:

> Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). . . . "Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress.

*Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

### B. Analysis

The Court construes Johnson's motion for reconsideration (Dkt. No. 29), motion to correct record and motion to reopen case (Dkt. No. 30), response to order (Dkt. No. 31), motion to supplement record (Dkt. No. 32), motion for status update and motion to supplement the record (Dkt. No. 33), and motion to supplement the record (Dkt. No. 36) together as a motion for reconsideration under Rule 59(e) or Rule 60(b).

Johnson alleges that he "submitted a protective 2254 petition" on September 1, 2025, for this case, but he claims to have erroneously labeled the document with case number 4:25-cv-00869-KGB (Dkt. No. 29, at 1). A review of the docket for case number 4:25-cv-00869-KGB shows that on September 5, 2025, Johnson submitted an amended complaint (Case No. 4:25-cv-

3

00869-KGB, Dkt. No. 4). Within the amended complaint, on a page titled "motion for protective 2254 petition," Johnson asks the Court "to stay and abey (sic) the proceedings until state remedies are exhausted." (*Id.*, at 11). In Johnson's response to order (Dkt. No. 31) and motion to supplement record (Dkt. No. 32), Johnson repeats his assertion that his protective 2254 petition should be filed in this case.

Johnson also alleges that he never had access to a law library while in jail and that the county clerk required him to submit his state habeas to the Arkansas Supreme Court (*Id.*). Further, Johnson alleges that the state has delayed ruling on his habeas petition as "another effort to violate my Constitutional rights and continue [to show] a cognizable manifest injustice." (Dkt. No. 30, at 1). In Johnson's motion to supplement the record, he states facts related to other civil and criminal cases, criticizes various individuals, and states that "habeas should be REOPENED . . . due to the FACTS that are 100% cognizable and recorded in Court records." (Dkt. No. 36, at 4). He also provides a document allegedly submitted to the Arkansas Court of Appeals (*Id.*, at 5–8).

Analyzing the motion under Rule 59(e), Johnson asserts no relevant errors in fact or law and presents no newly discovered evidence. To the extent Johnson complains that the Clerk of Court made an error in filing his motion for protective 2254 petition in another case, he has already admitted that any such error was a result of his own mislabeling of the document (Dkt. No. 29, at 1). Johnson's protective 2254 petition—which states only that he did not have access to a law library and that the county clerk required him to submit his state habeas petition to the Arkansas Supreme Court—does not bear on the reason why the Court previously dismissed Johnson's case without prejudice: Johnson's state habeas petition is not exhausted.

Johnson's motion for reconsideration also fails under Rule 60(b). Johnson asserts no facts suggesting mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Johnson

4

does not assert any newly discovered evidence, claim that the Judgment is void, satisfied, released, or discharged, or provide any reason to justify relief from the Court's Judgment entered on November 10, 2025.  Fed. R. Civ. P. 60(b)(2)–(6).

For these reasons, the Court denies Johnson's motion for reconsideration (Dkt. Nos. 29; 30; 31; 32; 33; 36).

## II. Motion for Extension

In Johnson's motion for extension, he states that he has attempted to mail an appeal of this matter three times, but he asserts that it has been returned each time because he listed the wrong address (Dkt. No. 37).  He states that the lieutenant in charge of legal mail told him that the Eighth Circuit does not accept mail and only sends mail (*Id.*).  Because of these issues, Johnson asks for an extension of time to appeal the Court's Judgment (*Id.*).

In this case, the Court entered Judgment on November 10, 2025 (Dkt. No. 28).  Johnson filed his motion for reconsideration and motion to correct the record and reopen the case on December 9, 2025 (Dkt. Nos. 29; 30).  The Court construes those motions, along with Johnson's other filings, as a motion for reconsideration under Rule 59(e) or Rule 60(b).

Federal Rule of Appellate Procedure 4(a)(1)(A) states that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  However, the filing of a motion pursuant to Rule 59 or Rule 60, if filed within the time allowed for an appeal, extends the time for filing a notice of appeal, as Federal Rule of Appellate Procedure 4(a)(4) provides that the time to file an appeal runs from the entry of the Order disposing of the last such motion.  Fed. R. App. 4(a)(4)(A).  This Order rules on those motions.

5

Federal Rule of Appellate Procedure 4(a)(5) permits the Court to extend the time to file a notice of appeal if the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i). The Court extends Johnson's time for filing a notice of appeal for "30 days after the prescribed time [for filing the notice of appeal] or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. 4(a)(5)(C).

### III. Conclusion

For the foregoing reasons, the Court:

(1)   denies Johnson's motion for reconsideration (Dkt. No. 29);

(2)   denies Johnson's motion to correct record and motion to reopen case (Dkt. No. 30);

(3)   denies Johnson's motion for status update and motion to supplement the record, to the extent the motion is a motion for reconsideration (Dkt. No. 33);

(4)   denies Johnson's motion to supplement the record (Dkt. No. 36);

(5)   grants Johnson's motion for extension to appeal (Dkt. No. 37); and

(6)   grants Johnson's motion for status update by providing him with a copy of this Order and the docket sheet (Dkt. Nos. 33; 38).

The Clerk of Court is directed to mail Johnson a copy of this Order and the docket sheet in this matter.

It is so ordered this the 26th day of January, 2026.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge