IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ARICK MARQUETTE JOHNSON                                      PETITIONER
ADC #185962

v.                              Case No. 4:25-cv-00380-KGB

DEXTER PAYNE                                                 RESPONDENT

## ORDER

Before the Court are petitioner Arick Marquette Johnson's motion for Rule 60(b)(1), (6) and (d) (Dkt. No. 40), motion to supplement record for *habeas corpus* (Dkt. No. 41), and *pro se* motion for certificate of appealability (Dkt. No. 43).

### I.       Procedural Background

On November 10, 2025, the Court dismissed Johnson's petition for writ of *habeas corpus* without prejudice, adopting in full United States Magistrate Judge Edie R. Ervin's Recommended Disposition ("Recommendation") (Dkt. No. 27). In the Recommendation, Judge Ervin explained that Johnson's court records show that his direct appeal, Rule 37 petition, and state *habeas* petition remained pending, that his conviction did not appear to be final, and that Johnson had not exhausted his state court remedies (Dkt. No. 26, at 3).

Following that Order, Johnson filed several motions (Dkt. Nos. 29; 30; 32; 33; 36; 37; 38). On January 26, 2026, the Court construed several of those motions together as a motion for reconsideration under Rule 59(e) or Rule 60(b) (Dkt. No. 39). The Court then denied Johnson's motion for reconsideration, finding that Johnson's state *habeas* petition was still not exhausted; that Johnson had asserted no facts suggesting mistake, inadvertence, surprise, or excusable neglect; and that Johnson had not asserted any newly discovered evidence or claimed that the Judgment is

void, satisfied, released, or discharged, or provided any reason to justify relief from the Court's Judgment entered on November 10, 2025 (*Id.*).

## II.      Motion For Reconsideration

### A.      Legal Standard

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)).  "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and th[e] [appeals] court will not reverse absent a clear abuse of discretion." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).  "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Metro St. Louis*, 440 F.3d at 933 (internal quotation omitted).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotation omitted)*; see also Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018).

Under Rule 60(b), the Court may relieve a party from an order on the narrow grounds of:

(1)      mistake, inadvertence, surprise, or excusable neglect;

(2)      newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)      fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

(4)      the judgment is void;

(5)      the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)      any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) ("Rule 60(b) authorizes relief in only the most exceptional of cases."); *United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights, Canyo Lake, Comal Cnty., Tex.*, 51 F.3d 117, 120 (8th Cir. 1995) (concluding that a motion to reconsider filed under Rule 60(b) requires the moving party to establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides).

As it pertains to Rule 60(b)(6), the Eighth Circuit has provided the following guidance:

Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). . . . "Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress.

*Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

Rule 60(d) states that Rule 60:

does not limit a court's power to:

(1)      entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2)     grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3)     set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).  "Fraud on the court which justifies vacating a judgment is narrowly defined as fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury."  *United States v. Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009) (internal citations omitted).  "Further, relief is only available where it would be manifestly unconscionable to allow the judgment to stand."  *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010).

## B.     Analysis

The Court construes Johnson's motion for Rule 60(b)(1), (6) and (d) (Dkt. No. 40), motion to supplement record for habeas corpus (Dkt. No. 41), and *pro se* motion for certificate of appealability (Dkt. No. 43) together as a request by Johnson for reconsideration under Rule 60.

In Johnson's motion for Rule 60(b)(1), (6) and (d), Johnson alleges that his case reflects "cognizable 'extraordinary circumstances' and [an] unusual and unprecedent situation[]" (Dkt. No 40, at 1).  To support this allegation, Johnson argues that:  (1) he filed civil cases against his attorneys before his criminal trial began and the attorneys, judge, courts, and prosecutors involved conspired against him (*Id.*, at 1); (2) he has not been able to file motions and get certified copies from Arkansas courts because of collusion between circuit court clerks, Arkansas state judges, and lawyers (*Id.*, at 2); and (3) he is actually innocent of the crime with which he was charged (*Id.*).

In Johnson's motion to supplement record for *habeas corpus*, Johnson alleges that his case is "unusual and unprecedented" (Dkt. No. 41).  To support his allegation, Johnson repeats the same arguments as he makes in his motion for Rule 60(b)(1), (6) and (d), adding that his mail sent to the

4

Pulaski County Circuit Court "kept getting returned because supposedly [he] put the wrong address" (*Id.*, at 1).

In Johnson's *pro se* motion for certificate of appealability, Johnson alleges that his case is "extraordinary and unusual" (Dkt. No. 43). Johnson's *pro se* motion for certificate of appealability appears to address both this case and a separate case Johnson filed, *Johnson v. Higgins*, Case No 4:25-cv-00869-KGB (*Id.*). In the part of Johnson's motion that is relevant to this case, Johnson raises the same arguments as those he raises in his motion for Rule 60(b)(1), (6) and (d), adding that he submitted a *pro se* motion for self-representation that was ignored by the judge before trial and that he was found not guilty by a jury in his criminal case (Dkt. No. 43, at 1).

The Court has already considered Johnson's arguments regarding his state criminal proceeding and his arguments related to a claim of actual innocence regarding the crime in that proceeding (*See* Dkt. Nos. 32, at 1; 30; 36, at 7). Johnson acknowledges that these are not new arguments (*See* Dkt. No. 41, at 2 ("I know I am repeating what I submitted to supplement the record")). The Court has already found that Johnson is not entitled to reconsideration based on those facts under Rule 60(b) (Dkt. No. 39, at 4–5).

As to Johnson's allegation that he has not been able to file motions and get certified copies from Arkansas courts because of collusion between court clerks, state judges, and lawyers, Johnson also stated that his mail sent to a state court was getting returned because "supposedly [he] put the wrong address." (Dkt. No. 41, at 1). These facts do not suggest mistake, inadvertence, surprise, or excusable neglect which entitle Johnson to relief from the Judgment in this case under Rule 60(b)(1). Fed. R. Civ. P. 60(b)(1). Further, Johnson does not assert any newly discovered evidence; claim that the Judgment is void, satisfied, released, or discharged; or provide any reason

to justify relief from the Court's Judgment entered on November 10, 2025.  Fed. R. Civ. P. 60(b)(2)–(6).

Finally, as to Rule 60(d), Johnson has not brought an independent action pursuant to Federal Rule of Civil Procedure 60(d)(1), makes no allegations related to notice of this action pursuant to Federal Rule of Civil Procedure 60(d)(2), and makes no allegations which suggest fraud upon this Court that would warrant relief pursuant to Fed. R. Civ. P. 60(d)(3).

For these reasons, the Court denies Johnson's motion for reconsideration (Dkt. Nos. 40; 41; 42).

### III.    Certificate Of Appealability

Johnson's motion titled "*pro se* motion for certificate of appealability" does not ask for a certificate of appealability anywhere in the motion (*See* Dkt. No. 43).  To the extent Johnson requests a certificate of appealability, the Court declines to issue a certificate of appealability for the same reasons the Court initially declined to issue a certificate of appealability (Dkt. No. 27). *See Wheeler v. United States*, Case No. 16-6085-cv-SJ-DGK-P, 2017 WL 1159835, at *1 (W.D. Mo. Mar. 14, 2017) ("A certificate of appealability may be issued 'only if [Movant] has made a substantial showing of the denial of a constitutional right.'" (alteration in original) (citing 28 U.S.C. § 2253(c)(2))).

### IV.    Conclusion

For the foregoing reasons, the Court denies Johnson's motion for Rule 60(b)(1), (6) and (d) (Dkt. No. 40), motion to supplement record for habeas corpus (Dkt. No. 41), and *pro se* motion for certificate of appealability (Dkt. No. 43).

It is so ordered this the 5th day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge